Strafford,
No. 5058.

MAUD GREEN *v.* ROBERT H. FOSTER *& a., Co-ex'rs.*

Argued September 5, 1962.

Decided September 28, 1962.

288

*Fisher, Parsons & Moran* (*Mr. Harold D. Moran* orally), for the plaintiff.

*Ovila J. Gregoire* and *Upton, Sanders & Upton* (*Mr. Robert W. Upton* orally) for the defendants.

KENISON, C. J.  This is a will contest in which the plaintiff, who received a legacy of $2,000, seeks to set aside the probate of the will of Arthur Foster on the grounds of incompetency, undue influence and fraud. The plaintiff is not an heir of the testator but is a sister-in-law. The allowance of the will confirms her legacy of $2,000. The question raised is whether the plaintiff is a proper party to contest the allowance of the will in this case. The pertinent statute (RSA 567:1) reads as follows: "WHO MAY APPEAL. Any person aggrieved by a decree, order, appointment, grant or denial of a judge, which may conclude his interest and which is not strictly interlocutory, may appeal therefrom to the superior court."

The general rule is that an aggrieved person under statutes similar to RSA 567:1 ". . . is one who has a direct pecuniary interest in the estate of the alleged testator which will be defeated or impaired if the instrument in question is held to be a valid will." 3 Bowe-Parker: Page on Wills, s. 26.52 (1961); *Swan* v. *Bailey*, 84 N. H. 73; Annot. 88 A.L.R. 1158; Atkinson, Wills 519 (2d *ed.* 1953). This general definition is neither complete nor comprehensive since there are other parties who may be allowed to appeal providing they have an official or public duty to do so even though they may not have any direct or pecuniary interest in the estate as such. *Richardson* v. *Martin*, 55 N. H. 45; *Welch* v. *Adams*, 63 N. H. 344; Annot. 31 A.L.R. 2d 756; Note, Standing to Contest Wills Violating Charitable Bequest Statutes, 50 Colum. L. Rev. 94.

In the present case the plaintiff contestant is not an heir of the testator nor a legatee under an earlier will. *Morey* v. *Sohier,* 63 N. H. 507. The allowance of the will confirms her interest in the $2,000 legacy and does not in the words of the statute "conclude [her] interest" which is a test of an aggrieved party. *Swan* v. *Bailey,* 84 N. H. 73. See *Protective Check Writer Co.* v. *Collins,* 92 N. H. 27. It is conceded that the contestant will take nothing if the will is disallowed. The contestant not being an heir or a creditor, or a legatee under a prior will, and having no official or public duty in connection with the administration of the estate cannot be considered an aggrieved person under the governing statute RSA 567:1. Restatement (Second), Trusts, *s.* 177, *comment* d; *s.* 178, *comment* a.

The probate appeal statute is more restrictive than other statutes allowing appeals, presumably because there is a public policy in favor of securing the orderly and expeditious settlement of estates. *Beaudoin* v. *Couture,* 98 N. H. 272; *Sullivan* v. *Bank,* 99 N. H. 262. The probate appeal statute (RSA 567:1) also expresses a policy against will contests except by those who can show a direct interest, private or public, which will be adversely affected if the will is allowed. The present contestant does not meet this test and the probate court and the Superior Court were correct in deciding that she was not a proper party to contest this will. 3 Bowe-Parker: Page on Wills, *s.* 26.57 (1961).

*Exceptions overruled; appeals dismissed.*

All concurred.